UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HISHAM KHALED JAMIL ABUSALMA,<br><br>Plaintiff,<br><br>v.<br><br>MARCO A. RUBIO, in his official capacity as Secretary of State, *et al.*,<br><br>Defendants. | Case No. 24-cv-2001 (CRC) |

## MEMORANDUM OPINION

PhD student Hisham Khaled Jamil Abusalma is a citizen of Jordan awaiting a decision on the renewal of his F1 student visa. After submitting his application to the U.S. Embassy in Amman, Abusalma's application was first "refused" and subsequently placed into "administrative processing" for further review. Six months later, the State Department had yet to render a final decision. So Abusalma filed this suit to compel a determination. He claims the delay breaches the government's duty to adjudicate visa applications within a reasonable amount of time, in violation of the Administrative Procedure Act and the Mandamus Act. The government moves to dismiss. Finding that Abusalma has failed to identify a discrete action that the State Department must take on his initially refused application as required to state an unreasonable-delay claim, the Court will grant the government's motion and dismiss this case.

I.  **Background**

The Court draws the following background from the allegations in the complaint.

Mr. Abusalma is a Jordanian citizen who traveled to the U.S. on an F1 student visa in 2019 to pursue a master's degree at Old Dominion University in Virginia. Compl. § V ¶¶ 1–2.

After completing his master's degree, Abusalma enrolled in a doctorate program in Mechanical Engineering at the University of Maryland, where he also serves as a graduate research assistant. Id. ¶¶ 2–4. In October 2023, knowing that his student visa was set to expire in December, Abusalma submitted a Nonimmigrant Visa Renewal Application (DS-160). Id. ¶¶ 1, 6. He then returned to Jordan in January to initiate the visa renewal process. Id. ¶ 7. Abusalma mailed the required documents to the U.S. Embassy in Amman, and the government waived the usual interview with a consular officer. Id. About a week later, Abusalma received notice via an online portal that his application had been refused and placed into administrative processing under § 221(g) of the Immigration and Nationality Act ("INA"). Id. ¶¶ 8, 11. Since then, Abusalma has repeatedly contacted the U.S. Embassy to inquire about the status of his application, but each time has been informed that the application requires additional administrative processing. Id. ¶ 9. U.S. Congressman Glenn Ivey has also made inquiries on Abusalma's behalf, to no avail. Id. ¶ 11. Abusalma contends that the delay in adjudication has jeopardized his research assistant position and various tuition benefits and hindered his future career opportunities. Id. ¶ 12.

Accordingly, in July 2024, approximately eight months after his visa application was refused, Abusalma sued Secretary of State Antony J. Blinken, Attorney General Merrick B. Garland, Acting State Department Legal Adviser Richard C. Visek, Deputy Assistant Secretary for Visa Services Julie M. Stufft, U.S. Ambassador to Jordan Yael Lempert, and the Deputy Chief of Mission at the U.S. Embassy in Amman, Jordan, Rohit (Ro) Nepal, in their official capacities.[1] Compl. § III ¶¶ 12–17. The complaint asserts that the Administrative Procedure Act

---

[1] Per Fed. R. Civ. P. Rule 25(d), the successor to each of these listed public officers has been automatically substituted as a defendant.

(5 U.S.C. § 555(b)) and two State Department regulations (22 C.F.R. § 41.106 and 22 C.F.R. § 41.121(a)) require Defendants to adjudicate Abusalma's application in a timely fashion. See Compl. § I ¶ 2; id. at § IV ¶¶ 21, 23, 28. And it seeks an order compelling such action under the Mandamus Act (28 U.S.C. § 1361). Id. at § I ¶ 1; § II ¶ 4. Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss at 2.

## II. Legal Standards

When analyzing a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Giliana v. Blinken, 596 F. Supp. 3d 13, 17 (D.D.C. 2022) (Cooper, J.) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)). However, a court need not accept inferences drawn by the plaintiff that are unsupported by facts alleged in the complaint, nor accept a plaintiff's legal conclusions as true. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). And, under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

## III. Analysis

The government advances three arguments in support of its motion to dismiss: (1) Abusalma names an official—the Attorney General—who cannot provide the requested relief; (2) the government has no discrete duty to further adjudicate Abusalma's visa after refusing it

and placing it into administrative processing; and (3) the consular nonreviewability doctrine bars judicial review of the delay. The Court accepts the first two arguments and therefore need not reach the third.

    A.  <u>Redressability</u>

The government first argues that Attorney General Pamela Bondi must be dismissed because the Department of Justice does not play "any role in adjudicating the visa request at issue in this case." Mot. Dismiss at 4. The Court understands this to be a redressability challenge. Plaintiff must show that his injuries are "'causal[ly] connect[ed]' to each defendant's conduct and 'likely' can be 'redressed by a favorable decision.'" <u>Zakeri v. Blinken</u>, No. 23-3162 (TJK), 2024 WL 3273418, at *3 (D.D.C. July 2, 2024) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992)).

Abusalma responds that General Bondi is a proper defendant because a component of the Department of Justice, the Executive Office for Immigration Review ("EOIR"), "is responsible for conducting immigration court proceedings, appellate reviews, and administrative hearings to administer and interpret U.S. immigration laws[.]" Opp'n at 13. However, EOIR's general responsibilities do not create a *causal connection* between the Attorney General's actions and the alleged injuries. See <u>Kahbasi v. Blinken</u>, No. 23-1667 (LLA), 2024 WL 3202222, at *4 (D.D.C. June 27, 2024) (finding insufficient facts to connect the Attorney General with the processing of plaintiffs' visa applications).

Abusalma further submits that the Attorney General "is a vital party to this writ according to the provisions of the Fed. R. Civ. Proc. Rule 4(i)(1)(B)." Opp'n at 13. Federal Rule of Civil Procedure 4(i)(1)(B) provides that the Attorney General must receive a copy of the summons and complaint in cases where the United States or its officers are a party. But that service

requirement does not mandate that the Attorney General herself be named as a defendant in the suit. Because Abusalma has failed to allege any involvement by the Attorney General in the processing of the visa application, she must be dismissed from the case. See Datta v. Rubio, 2025 WL 752643, at 4* (D.D.C. March 10, 2025) (dismissing the Attorney General and other co-defendants because plaintiffs fail to establish a meaningful connection between the defendants' actions and the alleged visa processing delay); see also Zakeri, 2024 WL 3273418, at *3 ("[T]he parties have not brought to the Court's attention any similar visa case in which a court has held that a plaintiff had standing to sue the Attorney General.").

    B.  Discrete Action Requirement

The Court next turns to the government's contention that there is no discrete agency action required of a consular officer after refusing and placing a visa application into administrative processing. Mot. Dismiss at 5. "The standards for reviewing agency inaction—including visa processing delays—are the same under the APA and Mandamus Act[,]" so the Court will address both claims together. Akrayi v. U.S. Dep't of State, No. 22-1289 (CRC), 2023 WL 2424600, at *2 (D.D.C. Mar. 9, 2023) (citing Skalka v. Kelly, 246 F. Supp. 3d 147, 152 (D.D.C. 2017)). "To state a claim for unreasonable delay, [a plaintiff] must first allege that the agency 'failed to take a discrete agency action that it is required to take[.]'" Da Costa v. Immigr. Inv. Program Off., 80 F.4th 330, 340 (D.C. Cir. 2023) (internal citations omitted).

To support its argument, the government cites to the D.C. Circuit's unpublished opinion in Karimova v. Abate, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), in which the D.C. Circuit affirmed the district court's dismissal of a visa delay claim on the ground that the plaintiff had failed to show a legal duty that the defendants were required to perform. Id. at *3. The Circuit reasoned that, under applicable State Department regulations, once the visa

5

application was refused and placed into administrative processing, Karimova's "matter" was "conclude[d.]" Id. at *4. The government thus had no clear, non-discretionary duty under the APA to further adjudicate a visa application once it had been refused by a consular officer. Id. at *3.

The facts of this case mirror those in Karimova, so a straightforward application of that case would dispose of Abusalma's claim that APA § 555(b) imposes a further duty to act on a refused application in administrative processing. As in another recent case before this Court, however, the parties disagree over whether the unpublished decision in Karimova is binding. Compare Opp'n at 15, with Reply at 6-7.

Consistent with its ruling in Doroodchi v. Rubio, No. 23-3170 (CRC), 2025 WL 1865114 (D.D.C. July 7, 2025), the Court rejects the government's contention that Karimova is binding. See D.C. Cir. R. 36(e)(2). The Court will nevertheless follow Karimova because "the opinion represents the considered and unanimous judgment of a D.C. Circuit panel" on the issue at hand.[2] Doroodchi, 2025 WL 1865114 at *4. The Court will do so despite the considerable tension that exists between the Circuit's interpretation of the regulations and how the visa-review process plays out in real life. See id.; see also Ibrahim v. Spera, No. 23-cv-2085 (ABJ), 2024 WL 4103702, at *3 n.2 (D.D.C. Sept. 6, 2024). In practice, applicants whose visas are placed in administrative processing are told that the agency will "continue processing" the applications once any requested documentation has been received yet have no remedy for delays during this "processing" stage. Ibrahim, 2024 WL 4103702, at *3 n.2.

---

[2] Further supporting the Court's decision to apply Karimova here is that, as in Doroodchi, the government has chosen not to brief the factors set forth in Telecomms. Rsch. & Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984).

6

Having concluded that APA § 555(b) creates no non-discretionary duty to act on Abusalma's application, the Court now turns to whether Abusalma has identified a non-discretionary duty to act on his application in another statute or regulation. He locates additional nondiscretionary duties in two State Department regulations: 22 C.F.R. § 41.106—which states that "[c]onsular officers must ensure that the Form DS-160 . . . is properly and promptly processed"—and 22 C.F.R. § 41.121—which directs the consular officer to either "issue" or "refuse" a completed visa application. Compl. § I ¶ 2; § IV ¶ 21. But these regulations do not impose an additional duty on the consular officer after issuing an INA § 221(g) refusal. Section 41.121 explicitly lists INA § 221(g) as a valid legal ground under which a nonimmigrant visa may be refused. And § 41.106 states merely that Form DS-160 must be processed "in accordance with applicable regulations and instructions." Under Karimova, the requirement to "properly and promptly process visa applications is satisfied when Plaintiffs' applications were refused." Hemmat v. Blinken, No. 23-2085 (TSC), 2024 WL 4210658, at *4 (D.D.C. Sept. 17, 2024) (citation omitted) (cleaned up). The regulation does not create an additional post-refusal obligation to process the visa within a certain time frame.

Abusalma's invocation of additional regulations therefore does not distinguish this case from Karimova. As a result, because Abusalma has failed to identify a discrete agency action that the government is required to take, he has not stated a claim upon which relief can be granted. Accordingly, the Court will dismiss his complaint.

## IV. Conclusion

For these reasons, the Court will dismiss the complaint and the case in a separate order that accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>July 18, 2025</u>